Parker C. J.
delivered the opinion of the Court. The position taken by the plaintiff’s counsel, that the defence set up by Peck could not be supported, because Gregory, the original defendant, could not have defended himself on the same ground, cannot he maintained. The object of the statute, under which this defence was made, is avowedly to prevent fraud in the attachment of real or personal estate ; and the provisions of the statute are founded upon a supposed collusion between parties to the suit, to defraud creditors. To limit the defence which the subsequent attaching creditor is authorized to make, *172 to such facts as the original defendant might himself aver. would be to impair in a great degree the use of the statute, as by the legislature. In cases of fraud and collusion, the defendant cannot avoid his contract by setting up his fraud in defence against it. It is only when a contract is avoided by statute, as in the case of usury or gaming, or when the consideration is illegal, that this can be done. Mere want of consideration, arising from a fraudulent bargain between the promisor and promisee, not in violation of any positive law, but for the purpose of defrauding others, cannot, we think, be shown in evidence by a party to the fraud, in defence of an action upon his contract. And it is such contracts that the legislature in tended should be inquired into by third persons, whose rights are affected. The words “ in like manner,” in the statute, do not limit the defence, but only regulate the mode of making it. And nothing further than this can be drawn from the opinion of the Court, in the case of Strong v. Wheeler, 5 Pick. 410, [2d edit. 412, note 1.] Other expressions in the opinion, which are thought to limit the grounds of defence to such only as the original defendant might have used, ought to be referred to the subject then in discussion, which was merely the mode of evidence, by which a fact was to be proved.
It is said then, that the plaintiff is entitled to judgment, because he produces a note which the original defendant could not gainsay. If this is true, the statute is of no use ; for its object is to admit others to a defence, which grows out of a collusive agreement between the plaintiff and the original defendant. Suppose the note to be fabricated for the sole purpose of abstracting the property of the promisor from his creditors, shall not this be shown ? And yet the promisor himself could not show it. Or even suppose the note to be given for a valuable consideration, but that the sole purpose of the attachment was to defeat other creditors and to hold the property to the use of the debtor, shall not this be shown ? And yet the promisor could not show it.
But it is said, that if the legislature so intended, their act is without authority, because the plaintiff, as between himself and the debtor, is entitled to a judgment. The same may be said in all cases of default, or confessions of judgment; and the ar *173 gument will go further ; for after judgment the plaintiff is entitled to execution and the fruits of it; and yet, even at comrnon law, a subsequently attaching creditor may defeat the first attachment, by showing that the judgment was collusively obtained.
The statute has only provided a mode of preventing collusive judgments, instead of leaving the injured party to the re,ief before existing at common law ; which was defective, because its final success depended upon the ability of the wrongdoer to respond in damages. The statute arrests the evil in the beginning, and rescues the property itself from the unlawful appropriation intended. Surely this was a just and proper subject of legislation ; and the parties interested all have a hearing in court, and may maintain their several rights.
In regard to the declarations of the plaintiff, respecting the time when he accepted the drafts, which he alleges form part of the consideration of the note, we have not been persuaded by the very ingenious argument of the plaintiff’s counsel, that they were not properly excluded.
The declarations of a party in his own favor, by the general rule, are inadmissible. A man cannot testify in his own cause; much less can his declarations not under oath be admitted. The exception to this rule is, that when declarations accompany an act and have a tendency to show the motive and intention of the act, they are sometimes admissible. Such was the case cited of the bankrupt, who having committed an act equivocal in its nature, his declaration made at the time showing his intention, was admitted. This however was a declaration against himself strictly, as bankruptcies are supposed to be in invitum. There are however cases of declarations, or entries, operating in favor of the party making them, which are admissible ; but, in all instances, they relate to, or accompany some act; and therefore are a part of the res gesta.
The declarations excluded in this case were not of that character, but were mere naked assertions of a fact, which do not come within any exception to the general rule.
It is said, that the declaration so made is a fact. That is true, but the fact is also a declaration only, made by a party to support his own interest. Now it is true that, at the time of *174 making the declaration, it probably had no reference to any controversy; yet, if it be admitted that such declarations are good evidence, we shall soon find cases of declarations and assertions of a fact as having happened, with a view to support what may be afterwards done, when it is too late to have its effect, and when it may become necessary to antedate, if we may use the expression, the fact in controversy. I cannot see that any thing beyond this is advanced by Starkie, and he cites no authority for some of his positions.

Judgment according to verdict.

[1]

 See Lambert v. Craig, 12 Pick. 199. The law upon this head has been changed by the Revised Stat. c. 90, § 87, 88.